THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MOUNTAIN PRODUCTIONS, INC.,** | : |
| **Plaintiff,** | : |
| v. | :    3:22-CV-01588 |
| | :    (JUDGE MARIANI) |
| **DAVID PICCOLA, ADAM CRAIN, and CHRISTINE CRAIG,** | : |
| **Defendants.** | : |

## ORDER

**AND NOW, THIS 23rd DAY OF NOVEMBER, 2022,** upon review and consideration of Plaintiff Mountain Productions, Inc.'s Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 4), and Plaintiff's supporting brief and exhibits (Docs. 5–8), and having held an evidentiary hearing on November 18, 2022, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 4) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendant Piccola is **ENJOINED** from using or disclosing the following trade secrets, as further defined in the Court's memorandum opinion:

        i. Plans or designs that are not publicly available or easily duplicated, including

            1. project management plans; and

      2. designs and drawings associated with past jobs of Plaintiff's; and

      3. designs associated with unique and custom solutions for jobs that were developed through in-house manufacturing and design capabilities that are not available to the general public or Plaintiff's competitors; and

  **ii.** Pricing models.

b. Defendant Piccola is **ENJOINED** from violating or otherwise acting in derogation of the December 2020, Confidentiality, Intellectual Property Assignment, Covenant Not to Compete and Not to Solicit and Release Agreement ("Piccola Agreement") through any of the following actions:

  i. violating § 2 of the Piccola Agreement by using, permitting the use of, disclosing, or making available any "Confidential Information" as that term is defined in the Piccola Agreement, as long as said information is reasonably susceptible to being identified as confidential;

  ii. violating § 6(a) of the Piccola Agreement by

      1. soliciting any of the Company's current or former customers to provide any order for goods or services competitive to those provided or sold by the Company;

      2. inducing or attempting to induce any customer to reduce its patronage with the Company; or

      3. otherwise interfering with the business or accounts of the Company;

  iii. violating § 6(c) of the Piccola Agreement by directly or indirectly

      1. soliciting or recruiting any of the Company's current or former employees for employment or to leave his/her employment; or

      2. encouraging any such employee to leave his/her employment; and

  iv. violating § 7 of the Piccola Agreement by saying, writing, or causing to be said or written, publicly or privately, any negative, derogatory, or disparaging statement about the Company or any of its officers or employees or inducing others to do so in any forum.

c. Plaintiff's request that Defendant be temporarily and preliminarily enjoined and restrained from violating § 5 of the Piccola Agreement by directly or indirectly competing with Plaintiff within the Territory as that term is defined in the Piccola Agreement is **DENIED**. Nonetheless, this Order shall not be construed to suggest that § 5 of the Piccola Agreement is in any way unenforceable; Piccola remains prohibited from competing with Plaintiff under

the Agreement until its term expires, and if he is found to have violated said provision, such conduct would be enjoinable.

    d. Defendant Piccola shall return to Plaintiff his company-issued equipment, *i.e.* his cell phone, iPad, and computer, along with all Confidential Information contained thereon, **within 14 days** of the date of this Order.

2. Piccola may work as a rigger as long as in doing so, he does not violate the Non-Compete, Non-Solicitation of Customers, Non-Solicitation of Employees, Confidentiality and Intellectual Property, and Non-Disparagement provisions of the Piccola Agreement, as well as the provisions of PUTSA.

3. The Temporary Restraining Order issued by this Court on October 24, 2022, (Doc. 16), and extended by this Court on November 8, 2022, (Doc. 20), is **VACATED**.

4. The preliminary injunction shall remain in effect until a determination on the merits is made following a motion for summary judgment or at trial or until such other time that this action is fully resolved.

                                                     Robert D. Mariani
                                                     United States District Judge